IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Bicker Farms, LLLP, | ) |
|         Plaintiff, | ) Case No. _____ |
| vs. | ) **COMPLAINT** |
| Hess Bakken Investments II, LLC | ) **AND** |
|         Defendant. | ) **JURY DEMAND** |

## I.   Parties, Jurisdiction, and Venue

1. Bicker Farms, LLLP ("Bicker Farms") is a limited liability limited partnership formed and operated under the laws of North Dakota.

2. Defendant Hess Bakken Investments II, LLC ("Hess") is a foreign limited liability company registered with the Secretary of State of North Dakota and formed under the laws of the state of Delaware, with its principal address as 1501 McKinney St., Houston, Texas 77010-4010.

3. The claims in this action involve property in Mountrail County, North Dakota, so venue is proper in this court.

4. Bicker Farms claims damages in excess of $75,000.

5. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because no plaintiff shares a state of citizenship with any defendant and the amount in controversy is over $75,000.

## II.     Legal Background

*A.  The Common-Law Implied Easement, Spacing, Pooling, and Unitization*

6. Historically, a grant of land in fee conveyed the surface and all mineral interests. Through multiple conveyances and generations, most fee interests in North Dakota have been diminished through reservations by grantors. In other words, the seller kept a part of the whole and conveyed less than what he owned. Reservations commonly involved the rights to minerals in place, such as oil, gas, and hydrocarbons. This creates "split estates", where the ownership of some of the minerals, known as "the mineral estate," is separate from the ownership of the remainder of the unsevered fee interest, referred to as "the surface estate."

7. The owner of a severed mineral estate has an easement that is implied at common law to use the surface estate only so much as is reasonably necessary in order to extract minerals.

8. At common law, a mineral developer is trespassing if it acts beyond the scope of its implied easement.

9. The North Dakota Industrial Commission ("NDIC") has the power to authorize voluntary pooling or, upon proper application, "force pool" interests of mineral owners into units when necessary to prevent waste, to avoid the drilling of unnecessary wells, or to protect correlative rights.

10. Pooling orders determine the geographic boundaries as well as the vertical boundaries of the pooled interests by delineating the common source of supply for a spacing unit.

11. The operator of a unit that has been approved and/or ordered by the NDIC has the implied easement rights to use so much of the surface estate within the unit as is reasonably necessary to produce oil, gas, and hydrocarbons from that unit.

12. These same principles apply within unitized fields.

### B. Definition of pore space

13. "Pore space" refers to the void or pore space in the earth. According to William & Meyers, the most prominent treatise on oil and gas law, "[i]n some instances, the pore space may have been occupied by minerals such as oil or natural gas or helium but have since become empty. In other instances, questions may arise over pore spaces that were not occupied by minerals. Such pore space may have commercial value for purposes of temporary storage or permanent disposal of substances originating off the land, including natural gas and undesirable fluids, such as waste gases and liquids."

14. In Chapter 47-31 of the North Dakota Century Code, pore space means a cavity or void, whether natural or artificially created, in a subsurface sedimentary stratum.

15. Unless it has been severed, pore space is a part of the fee surface estate.

16. This has been true in North Dakota at least as far back as 1877, where the owner of land in fee has the right to the surface and to *everything* permanently situated beneath or above it.

### C. Compensation for the Use of Pore Space under N.D.C.C. Ch. 38-11.1

17. Pore space ownership by the surface estate was confirmed in 2017 by the Supreme Court of North Dakota in *Mosser v. Denbury Resources, Inc.*, 898 N.W.2d 406, 412 (N.D. 2017) ("State *Mosser* case").

18. This decision followed a 2015 decision from the United States District Court of the District of North Dakota, which reached the same conclusion in *Mosser v. Denbury Resources, Inc.*, 112 F.Supp.3d 906, 919 (D.N.D. 2015) ("Federal *Mosser* case").

19. As was noted in the State *Mosser* Case, both a federal district court judge in *Fisher v. Cont'l Res., Inc.*, 2015 WL 11400124 at 4–5 (D. N.D. Oct. 8, 2015) and the federal magistrate judge

in the Federal *Mosser* case have concluded that N.D.C.C. § 38-11.1-04 applies to claims for compensation for a mineral developer's use of the surface owner's pore space.

20. The Supreme Court of North Dakota, in the State *Mosser* case, agreed with the two federal judges and ruled that N.D.C.C. § 38-11.1-04 applies to claims involving pore space. Both federal judges and the Supreme Court of North Dakota also relied not only on N.D.C.C. § 47-01-12, but also on a Montana case, *Burlington Res. Oil & Gas Co., LP v. Lang and Sons Inc.*, 361 Mont. 407, 259 P.3d 766 (2011), in which the Supreme Court of Montana interpreted a very similar surface damage statute, and came to the same conclusion that the statute allowed compensation for pore space claims under Montana law.

21. N.D.C.C. Ch. 38-11.1 requires owners of interests in the mineral estate to compensate owners of the surface estate for damages resulting its use of the pore space. This is true whether the mineral developer is acting within the scope of its implied easement or not. Tort law also requires compensation for use of pore space when the mineral developer acts outside the scope of its implied easement.

### III. Factual Background

*A. The Property*

22. Bicker Farms owns the surface estate of the following described lands in Mountrail County, North Dakota:

> Township 158 North, Range 94 West
> Section 20: S/2NW/4, NE/4, SE/4

("Bicker Farms property").

23. The Tioga-Madison Unit Q-139-D well (NDIC File No. 894) ("Bicker Farms disposal well") is located on the Bicker Farms property. The Bicker Farms disposal well is operated by Hess and is used to dispose of produced water into the Dakota formation.

### B. On-Unit Disposal Practices

24. NDIC approved an agreement to pool interests in the Madison formation underlying the Bicker Farms Property with other interests in NDIC Case No. 220 and by issuing NDIC Order No. 201. This unit is known as the Tioga Madison Unit.

25. The Bicker Farms disposal well is located within the geographical boundaries of the Tioga-Madison Unit.

26. Hess is the operator of the Tioga Madison Unit, and therefore has the right to use so much of the surface within the unit boundaries as is reasonably necessary to extract minerals from the underlying Madison pool.

27. Hess operates wells in the Tioga-Madison Unit, and uses the Bicker Farms disposal well to dispose of produced water that is produced from these wells.

28. Hess has disposed of produced water from the TMU D134AHR well (NDIC# 4323) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

29. Hess has disposed of produced water from the TMU F126HR well (NDIC# 1060) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

30. Hess has disposed of produced water from the TMU F135HR well (NDIC# 4586) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

31. Hess has disposed of produced water from the TMU G130HR well (NDIC# 4321) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

32. Hess has disposed of produced water from the TMU H144AH well (NDIC# 14715) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

33. Hess has disposed of produced water from the TMU H146HR well (NDIC# 714) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such

disposal is reasonably necessary for production of the minerals under the specific facts of this case.

34. Hess has disposed of produced water from the TMU I131HR well (NDIC# 781) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

35. Hess has disposed of produced water from the TMU I137AH well (NDIC# 15258) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

36. Hess has disposed of produced water from the TMU K143HR well (NDIC# 355) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

37. Hess has disposed of produced water from the TMU K147HR well (NDIC# 371) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such

disposal is reasonably necessary for production of the minerals under the specific facts of this case.

38. Hess has disposed of produced water from the TMU L128HR well (NDIC# 554) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

39. Hess has disposed of produced water from the TMU L132HR well (NDIC# 498) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

40. Hess has disposed of produced water from the TMU L140AH well (NDIC# 14840) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

41. Hess has disposed of produced water from the TMU L146XHR well (NDIC# 5350) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker

Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

42. Hess has disposed of produced water from the TMU L150HR well (NDIC# 662) into the Bicker Farms well.  This well is part of the Tioga Madison Unit.  Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

43. Hess has disposed of produced water from the TMU N136HR well (NDIC# 667) into the Bicker Farms well.  This well is part of the Tioga Madison Unit.  Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

44. Hess has disposed of produced water from the TMU O141AH well (NDIC# 14943) into the Bicker Farms well.  This well is part of the Tioga Madison Unit.  Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

45. Hess has disposed of produced water from the TMU O143HR well (NDIC# 209) into the Bicker Farms well.  This well is part of the Tioga Madison Unit.  Hess has the legal right to

dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

46. Hess has disposed of produced water from the TMU O151HR well (NDIC# 629) into the Bicker Farms well. This well is part of the Tioga Madison Unit. Hess has the legal right to dispose of produced water from this well that comes from the Madison pool into the Bicker Farms well so long as it compensates Bicker Farms pursuant to N.D.C.C. Ch. 38-11.1 and such disposal is reasonably necessary for production of the minerals under the specific facts of this case.

### C. Off-Unit Disposal Practices

47. Hess also operates wells that are not subject to the Tioga-Madison Unit voluntary unitization agreement which was referenced in NDIC Case No. 201 and are not subject to the NDIC Order approving that agreement at NDIC Order No. 220. The wells referenced in paragraphs 48 through 63 are not part of the Tioga Madison Unit because they are outside of its geographical boundaries, do not produce from the Madison pool, or both.

48. Hess has disposed of produced water from the A. Blikre 12-01H well (NDIC# 16406) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

49. Hess has disposed of produced water from the A. Blikre 13-24H well (NDIC# 16359) into the Bicker Farms well. This well produces from the Bakken pool its operations are not controlled or governed by the Tioga Madison Unit Agreement.

50. Hess has disposed of produced water from the EN-Charles Wood 157-94 1720H-1 well (NDIC# 19699) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

51. Hess has disposed of produced water from the EN-Jorstad-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H-1 well (NDIC# 19521) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

52. Hess has disposed of produced water from the EN-Lokken-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H-1 well (NDIC# 19697) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

53. Hess has disposed of produced water from the EN-Lokken-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H-2 well (NDIC# 19701) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

54. Hess has disposed of produced water from the H. Bakken 12-07H well (NDIC# 16565) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

55. Hess has disposed of produced water from the T. Lalim 11-14H well (NDIC# 16355) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

56. Hess has disposed of produced water from the TI-Ives-157-95 0106H-1 well (NDIC# 16640) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

57. Hess has disposed of produced water from the TI-Larson-157-95 2536H-1 well (NDIC# 16709) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

58. Hess has disposed of produced water from the TI-State-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H-1 well (NDIC# 16857) into the Bicker Farms well. This well produces from the Bakken pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

59. Hess has disposed of produced water from the TI-Syverson-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H-1 well (NDIC# 16812) into the Bicker Farms well. This well produces from the Bakken pool its operations are not controlled or governed by the Tioga Madison Unit Agreement.

60. Hess has disposed of produced water from the T. Lalim 35-21 well (NDIC# 12196) into the Bicker Farms well. This well produces from the Silurian pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

61. Hess has disposed of produced water from the Ives-Stenbak Devonian Unit 1 well (NDIC# 4519) into the Bicker Farms well. This well produces from the Devonian pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

62. Hess has disposed of produced water from the Ives-Stenbak Unit 1 well (NDIC# 4379) into the Bicker Farms well. This well produces from the Minnelusa pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

63. Hess has disposed of produced water from the Lalim-Ives Unit A 1 well (NDIC# 537) into the Bicker Farms well. This well produces from the Devonian pool and its operations are not controlled or governed by the Tioga Madison Unit Agreement.

### *C. Damages from Disposal Operations*

64. Fluids that are injected into the Bicker Farms Disposal well occupy pore space in the Dakota Sandstone formation on the Bicker Farms Property.

65. The Dakota Sandstone formation is a layer of property that is well suited to injection of waste fluids because its porous structure enables lateral movement from the site of injection into adjacent areas.

66. The Dakota Sandstone formation is divided from the Madison pool by impermeable geologic strata.

67. Injection of produced water from non-unitized wells into the Dakota Sandstone formation does not facilitate enhanced recovery operations for the Tioga Madison Unit.

68. Produced water injected into the Bicker Farms disposal well likely migrates to other lands owned by the Plaintiff that are not part of a unitized field or interferes with their right to profit from use of their lands by permanently filling their pore space.

69. Hess is disposing of produced water from numerous oil and gas wells into the Bicker Farms disposal well without any legal right or authority.

70. Hess is disposing of produced water from oil and gas wells into the Bicker Farms disposal well and disregarding the corresponding duty to pay compensation for all of the water disposed.

71. Hess does not have an agreement with Bicker Farms (or, on information and belief, their predecessors-in-interest) for operation of the Bicker Farms disposal well.

72. There is no agreement, written or oral, that gives Hess legal authority to dispose of water from wells that are not subject to the unitization agreement or NDIC Order No. 220.

73. Hess has not compensated Bicker Farms for disposal of water into the Bicker Farms disposal well.

74. The produced water from off-unit wells that is being disposed of into the Bicker Farms disposal well is unauthorized and constitutes a continuing trespass and nuisance.

75. Bicker Farms is entitled to and has not been paid compensation under N.D.C.C. Ch. 38-11.1 for water disposed into the Bicker Farms disposal well.

### Count 1: Surface Damages Pursuant to N.D.C.C. Ch. 38-11.1

76. Plaintiff restates and realleges each preceding paragraph.

77. Defendant is conducting drilling operations on the lands of the Plaintiff.

78. Defendant's conduct is causing the Plaintiff damage in the form of lost use of the land and property and diminution in land value.

79. Bicker Farms is entitled to compensation and to attorneys' fees pursuant to N.D.C.C. ch. 38-11.1.

### Count 2: Trespass (Off-Unit Disposal Only)

80. Plaintiff restates and realleges each preceding paragraph.

81. Defendant is responsible for intentionally injecting substances into the property of the Plaintiff without permission or other legal authority.

82. Bicker Farms is entitled to an injunction prohibiting the disposal of unauthorized substances into its property.

83. Bicker Farms is entitled to damages for the unauthorized disposal of produced water into its pore space.

### Count 3: Nuisance (Off-Unit Disposal Only)

84. Plaintiff restates and realleges each preceding paragraph.

85. Defendant is responsible for intentionally injecting substances into the property of the Plaintiff without permission or other legal authority.

86. Defendant's use and occupation of the Plaintiff's pore space has caused and continues to cause an unreasonable interference with the Plaintiff's use and enjoyment of its property.

87. Bicker Farms is entitled to damages proximately caused by this nuisance.

### Count 4: Unlawful Occupation of Realty, N.D.C.C. § 32-03-21 (Off-Unit Disposal Only)

88. Plaintiff restates and realleges each preceding paragraph.

89. Defendant is responsible for intentionally injecting substances into Bicker Farms' property without permission or authority.

90. Defendant's occupation of the Bicker Farms' property is unlawful.

91. Bicker Farms is entitled to damages and the costs of recovering possession of the property that is unlawfully occupied in excess of the Defendant's exercise of rights to on-unit disposal.

### IV. Prayer for Relief

WHEREFORE, Bicker Farms requests that the Court grant judgment against Defendant as follows:

1. That the Court enter an order enjoining the Defendant from injecting produced water from wells not within the Tioga Madison Unit and reasonably necessary to production of minerals into the Bicker Farms Property;

2. That the Court enter an order awarding Bicker Farms damages to be proven at trial;

3. That the Court order the Defendants to pay costs, disbursements, and Plaintiff's attorneys' fees as allowed by law; and

4. Such other relief as the Court deems just and appropriate.

Dated this 29th day of July, 2019.

**BRAATEN LAW FIRM**

/s/  Derrick Braaten
Derrick Braaten (ND ID #06394)
David Keagle (ND ID #08502)
109 North 4th St., Suite 100
Bismarck, ND 58501-4003
Telephone: 701-221-2911
derrick@braatenlawfirm.com
david@braatenlawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

The Plaintiff hereby demands that all issues triable by jury be heard by the maximum number allowed under Federal Rule of Civil Procedure 48 and the Court's local Rules.

Dated this 29th day of July, 2019.

**BRAATEN LAW FIRM**

/s/  Derrick Braaten
Derrick Braaten (ND ID #06394)
David Keagle (ND ID #08502)
109 North 4th St., Suite 100
Bismarck, ND 58501-4003
Telephone: 701-221-2911
derrick@braatenlawfirm.com
david@braatenlawfirm.com
*Attorneys for Plaintiff*